IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

PANKAJ TOPIWALA, et al.,

   Plaintiffs,

v.                          CIVIL NO.: WDQ-11-0543

KEVIN WILLIAM WESSELL, et al.,

   Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Pankaj Topiwala, FastVDO LLC, and Paramount International Holding, LLC (collectively, the "plaintiffs") sued Companies Incorporated, Kevin Wessell, and Matt Mitchell[1] (collectively, the "defendants"), for securities fraud and other claims. On August 9, 2012, the Court granted the plaintiffs' motion to enforce the parties' settlement agreement. ECF No. 65 (sealed). Pending is the plaintiffs' motion to unseal the judgment enforcing the settlement agreement. ECF No. 103. No hearing is necessary. See Local Rule 105.6 (D. Md. 2011). For the following reasons, the motion will be granted.[2]

---

[1] Also known as Paul Hesse. ECF No. 105 at 1.

[2] The Court will grant the defendants' unopposed motion to seal their opposition to the plaintiffs' motion. ECF No. 106.

I. Background[3]

On February 28, 2011, the plaintiffs sued the defendants for securities fraud and other claims.[4] ECF No. 1. On January 12, 2012, the Court denied the defendants' motions to dismiss for improper venue and nonjoinder. ECF No. 20. On February 1, 2012, the Court referred this case to Magistrate Judge Stephanie A. Gallagher for settlement. ECF No. 25. On March 26 and April 2, 2012, Judge Gallagher conducted telephonic settlement conferences with the parties. On April 9, 2012, the parties met for the settlement conference. At the conference, Topiwala, his attorney William Krulak, Esquire, Wessell, and Wessell's attorney, G. Marshall Hann, Esquire signed a handwritten document entitled "Topiwala v. Wessell Settlement Terms." ECF No. 65-1 (sealed) [hereinafter "the terms document"].

On April 10, 2012, this Court entered a settlement order dismissing the case, stating that it had "been advised by the parties that the . . . action ha[d] been settled, including all counterclaims, cross-claims and third-party claims, if any."

---

[3] For a more detailed factual background, see the Court's previous opinion, *Topiwala v. Wessell*, CIV. WDQ-11-0543, 2012 WL 122411 (D. Md. Jan. 12, 2012).

[4] The plaintiffs alleged fraud, negligent misrepresentation, conversion, deceptive trade practices, civil conspiracy, and violations of the Maryland Securities Act, federal Securities and Securities and Exchange Act, federal Investment Advisors Act, and California Corporate Securities Law. ECF No. 1 ¶¶ 88-215.

ECF No. 33. The order was entered "without prejudice to the right of a party to move for good cause within 45 days to reopen this action if settlement is not consummated." *Id.* Neither party moved to withdraw or alter that order.

The parties thereafter "negotiated a formal settlement and release" which included the provisions of the terms document and a confidentiality provision prohibiting the parties from disclosing the settlement.[5] ECF Nos. 103 at 3, 105 at 1-2. However, on May 14, 2012--after the defendants allegedly breached the agreement and denied its existence--the plaintiffs moved to enforce the settlement agreement. ECF Nos. 34, 103 at 1, 107 at 1. The defendants opposed the motion. ECF No. 39. The Court granted the parties' unopposed motions to seal their briefing of the motion. ECF Nos. 35, 37, 40, 41, 43, 44. On August 9, 2012, the Court granted the plaintiffs' motion and entered final judgment "according to the terms of the April 9, 2012 settlement;" the terms document was attached to the order. ECF Nos. 64, 65. The Court's memorandum opinion and order were also sealed.[6] *Id.*

---

[5] This agreement was never executed. ECF No. 107 at 1.

[6] The Court also granted the parties' unopposed motions to seal the briefing of the defendants' subsequent motion to stay the judgment pending appeal. ECF Nos. 67, 71, 73, 75. The Court's opinion and order denying that motion were also sealed. ECF Nos. 79-80.

On August 29, 2012, the defendants appealed. ECF No. 68. On February 7, 2013, the Fourth Circuit affirmed. ECF No. 81. The Fourth Circuit described the terms document as follows:

> The document consisted of seven paragraphs, including provisions that the Wessell parties transfer to the Topiwala parties several real properties free and clear of encumbrances, that the Wessell parties pay the Topiwala parties $600,000 then and $350,000 within thirty days, that the Topiwala parties would release the Wessell parties upon full performance, and that full releases and a mutual nondisparagement agreement incorporating the agreed terms would follow.

*Topiwala v. Wessell*, 509 F. App'x 184 (4th Cir. 2013). The Fourth Circuit opinion was not sealed.[7]

On November 5, 2013, the plaintiffs moved to unseal the Court's August 9, 2012 judgment granting their motion to enforce the settlement. ECF No. 103. On November 9, 2013, the defendants opposed the motion. ECF No. 105. On December 2, 2013, the plaintiffs replied. ECF No. 107.

II. Analysis

The plaintiffs move to unseal the judgment, because they want to record the judgment in state and federal courts in Washington, and the Clerks' Office of the District of Maryland

---

[7] However, the appendix in the Fourth Circuit appeal was sealed. *See* ECF No. 105, Ex. C.

After they lost on appeal, the defendants petitioned the Supreme Court for a writ of *certiorari*. *Id.* Ex. K. On October 7, 2013, the Supreme Court granted the defendants' motion to seal the petition. *Id.* However, on December 2, 2013, the petition was denied. *Wessell v. Topiwala*, 134 S. Ct. 701, 187 L. Ed. 2d 552 (2013).

4

will not certify or transfer a sealed judgment. ECF No. 103 at 3. Thus, their ability to enforce the judgment has been allegedly hindered because it is sealed. *Id.* In response, the defendants argue that the judgment should remain sealed "because confidentiality was a significant part of the consideration for any settlement," and it "does not serve [their] interest to have [it] unsealed." ECF No. 105 at 2, 5. They also contend that the plaintiffs' "claimed purpose for unsealing the Judgment is false," because--even though the judgment in this case is sealed--the plaintiffs have been able to enforce a judgment from separate litigation in Washington State related to property "pledged to secure Mr. Topiwala's money." *Id.* at 3-4. They also note that the Supreme Court granted the plaintiffs' motion to seal their petition for a writ of *certiorari*, and that the appendix for the Fourth Circuit appeal was sealed. *See id.* at 2, 5. In their reply, the plaintiffs argue that the defendants have failed to rebut the common law right to access. ECF No. 107 at 5.

Under the common law, there is a presumption of public access to judicial records and documents.[8] *See Stone v. Univ. of*

---

[8] The plaintiffs base their request to unseal on the common law right of access, rather than the First Amendment. *See* ECF No. 107 at 5. The First Amendment right of public access applies to a narrower range of documents than the common law, but weighs more heavily in favor of public access. *See Waterkeeper Alliance, Inc. v. Alan & Kristin Hudson Farm*, 278 F.R.D. 136,

*Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 1311, 55 L.Ed.2d 570 (1978)). The presumption may be rebutted, however, "if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); see also *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004) ("Regardless of whether the right of access arises from the First Amendment or the common law, it may be abrogated only in unusual circumstances." (internal quotations omitted)). The party that seeks to rebut the presumption of access has the burden of showing a significant interest that outweighs the presumption. *Rushford*, 846 F.2d at 253. To determine if the presumption is rebutted, the court weighs "the interests advanced by the parties in light of the public interests and the duty of the courts." *Id.* (quoting *Nixon*, 435 U.S. at 602, 98 S. Ct. at 1314) (internal quotations omitted).

---

142 (D. Md. 2011). When the First Amendment applies, the public may be denied access "only . . . on the basis of a compelling governmental interest, and only . . . if the denial is narrowly tailored to serve that interest." *Stephens v. Cnty. of Albemarle*, 422 F. Supp. 2d 640, 643 (W.D. Va. 2006) (citing *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606, 102 S. Ct. 2613, 73 L. Ed. 2d 248 (1982)). As the defendants have failed to rebut the common law presumption--which provides a weaker right of access than the First Amendment--the Court will apply only the common law balancing test. See *id.* (applying only the common law test to a motion to unseal a court-approved settlement because it "prove[d] dispositive of the issue").

Relevant factors to be weighed include: "whether the records are sought for improper purposes, such as promoting public scandals or gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Boone v. City of Suffolk, Va.*, 79 F. Supp. 2d 603, 608 (E.D. Va. 1999) (*citing* In re *Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

The defendants argue that the parties' interest in keeping the terms of the settlement confidential favors keeping the judgment sealed.[9] *See* ECF No. 105 at 1-2. There is a "strong public interest in encouraging settlement of private litigation," *Bank of Am. Nat. Trust & Sav. Ass'n v. Hotel Rittenhouse Associates*, 800 F.2d 339, 342-46 (3d Cir. 1986), and confidentiality terms often facilitate settlement agreements, *see Stephens*, 422 F. Supp. 2d at 644; *Baker v. Dolgencorp, Inc.*,

---

[9] The defendants also assert that confidentiality was part of the "consideration" for the settlement; thus "[i]f the proceedings are removed from seal, the alleged agreement itself has been altered." ECF No. 105 at 2. However, the defendants do not explain how a *Court-ordered* unsealing of the judgment would void the settlement agreement terms. *See State Farm Fire & Cas. Co. v. Hood*, 2:07-CV-188 DCB MTP, 2010 WL 3522445, at *3 (S.D. Miss. Sept. 2, 2010) (noting that even though the settlement agreement prohibited parties from disclosing the agreement's terms, "[a] Court-ordered unsealing of the agreement does not void any crucial terms of the settlement"); *accord Boone*, 79 F. Supp. 2d at 605, 610. Moreover, the terms document--which this Court previously held stated the terms of the parties' settlement agreement--does not contain a confidentiality provision. *See* ECF Nos. 64 at 8, 65, 65-1.

818 F. Supp. 2d 940, 944 (E.D. Va. 2011). However, a generalized interest in confidential settlements--without more--is insufficient to rebut the common law presumption of public access. See *K.S. v. Ambassador Programs Inc.*, 1:10CV439, 2010 WL 3565481, at *3 (E.D. Va. Sept. 3, 2010) (citing *Bank of Am.*, 800 F.2d at 344; *Poulin v. Gen. Dynamics Shared Res., Inc.*, 3:09-CV-00058, 2010 WL 1257751 (W.D. Va. Mar. 26, 2010)). Moreover, many of the settlement terms were disclosed in the unsealed Fourth Circuit opinion, which undermines the defendants' argument for the need for confidentiality. See *Boone*, 79 F. Supp. 2d at 608.

The defendants also argue that unsealing the judgment would not be in the "interest" of the defendants. ECF No. 105 at 5. This bare allegation of an unspecified "interest" is also insufficient to rebut the common law presumption of access. Cf. *U.S. ex rel. Permison v. Superlative Technologies, Inc.*, 492 F. Supp. 2d 561, 564 (E.D. Va. 2007) ("[S]ealing of court records is not warranted absent the presence of a factor sufficient to outweigh the strong interest in public access, such as national security considerations, trade secrets, personal privacy interests, and personal safety concerns.").[10]

---

[10] Cf. *Monsanto Co. v. E.I. DuPont De Nemours & Co.*, 4:09CV00686 ERW, 2012 WL 5830580, at *7 (E.D. Mo. Nov. 16, 2012) ("possible embarrassment or discomfort is not enough to justify sealing court records").

Finally, the defendants note that this Court, the Fourth Circuit, and the Supreme Court have previously sealed portions of this case with both parties' consent.[11] *See* ECF No. 105 at 5-6. However, the mere fact that a court document was previously sealed does not suggest that it should remain sealed permanently. *See Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000) ("Publicity of [court] records . . . is necessary in the long run so that the public can judge the product of the courts in a given case."). Accordingly, the defendants have failed to show a significant interest to outweigh the public's strong interest in access to court records. *See Bank of Am.*, 800 F.2d at 344 ("[T]he court's approval of a settlement or action on a motion are matters which

---

[11] The defendants also contend that the judgment should not be unsealed, because the reason the plaintiffs have given to unseal the judgment is false, and the plaintiffs have enforced a judgment obtained in separate litigation in Washington State. ECF No. 3-5. However, as the defendants seek to rebut the common law right of access to the court record containing the judgment, the *defendants* must assert significant countervailing interests that favor keeping the judgment sealed. *See Rushford*, 846 F.2d at 253. Further, although the defendants contend that unsealing the judgment is unnecessary, they do not argue that the purpose for which the plaintiffs want to unseal the judgment--to aid in enforcing it--is improper. *See Stephens*, 422 F. Supp. 2d at 644-45 (unsealing judgment because, *inter alia*, plaintiff did not have an improper purpose for unsealing and defendants failed to offer a significant interest to rebut the common law presumption of access).

the public has a right to know about and evaluate.").[12]  The motion to unseal will be granted.

III. Conclusion

For the reasons stated above, the plaintiffs' motion to unseal will be granted.

_____6/5/14_____           _____/s/_____
Date                                 William D. Quarles, Jr.
                                     United States District Judge

---

[12] See also Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case.") (quoted in Baker, 818 F. Supp. 2d at 944).